PER CURIAM.
Mr. Devito petitions this court for a writ of mandamus compelling the respondents to hold a hearing pursuant to section 120.-57, Florida Statutes (1991). We deny the petition.
In the fall semester of 1990, Mr. Devito was enrolled in two courses at the University of South Florida as a non-degree seeking student. Mr. Devito asserts that he subsequently withdrew from those courses within the period for withdrawal. Mr. De-vito did not retain the withdrawal documents, but states he was assured that his transcripts would reflect a “W” for each of those courses to indicate he had properly withdrawn. Two years later when Mr. De-vito was unable to gain admission to law school, he learned that his transcripts reflected a grade of “F” for each of those courses.
Mr. Devito filed a petition with the university seeking retroactively to withdraw from those courses and to have his transcripts corrected to accurately reflect his withdrawal. After reviewing Mr. Devito’s records, the university’s representatives denied his petition because his records contained no documentation of his withdrawal. Thereafter, Mr. Devito requested a hearing pursuant to section 120.57. The university denied his request and Mr. Devito filed a petition for writ of mandamus with this court. He argues that respondents have no discretion but to grant his request for a section 120.57 hearing because there are disputed issues of fact regarding his withdrawal and the respondents’ decision adversely impacts his substantial interests. We do not agree that the respondents are compelled to hold a hearing in this case.
The respondents have considered Mr. De-vito’s request to allow him to retroactively withdraw. Through a process less than a section 120.57 hearing, they have denied his request. Assuming Mr. Devito’s substantial interests are involved, in light of section 120.57(5), Mr. Devito has not demonstrated a basis for mandamus. Subsection (5) exempts from the section 120.57 hearing requirements those proceedings in which the substantial interests of a student are determined by the State University System. We are not called upon here to decide, and do not decide, whether Mr. Devito has any other legal remedy.
Petition denied.
FRANK, A.C.J., and PARKER and ALTENBERND, JJ., concur.